Dear Representative Toomy:
You have requested the opinion of this office on several specific questions related to photographic services provided at graduation exercises at state colleges and universities. It is our understanding that these services are not paid for with public funds, but are paid directly to the photographic service by those students or their friends and relatives who want such pictures.
Each of the statutes which you mention in your request, the Public Bid Law (R.S. 38:2211-2296), the Louisiana Procurement Code (R.S.39:1551-1755) and the Professional, Personal, Consulting, and Social Services Procurement Code (R.S. 39:1481-1526) becomes applicable when there is an expenditure of public funds. As we understand the photographic service transactions, there is no expenditure of public funds. Instead, the sole compensation is a private transaction between the photographer and the individual purchaser. Our responses are based on this premise.
Following are the specific issues which you have raised and our responses, based of the circumstances set forth above.
1. Q: What law and what agency governs invitations for rights for photography services at graduation exercises contracted by state universities and colleges?
 A. None.
2. Q. What law and what state agency governs for photography services at graduation exercises contracted by state universities and colleges?
 A. None if payment arrangements are as set forth above. If the school should contract for such services and pay for them with public funds, the contract would be subject to the provisions of La.R.S. 39:1481-1526.
3. Q. Is a state university's or college's Request for Proposals (RFP) a solicitation of a state contract?
 A. Only if public funds are expended for payment under the contract.
4. Q. Is an RFP the proper method to solicit invitations for rights for photographic services at graduation exercises contracted by state universities and colleges where no public funds are expended?
 A. There is no procedure specified by law unless public funds are paid for such services. If public funds are involved, photographic services would be considered a "personal service" under R.S. 39:1484A(16) and contracts for such services need not be competitively bid nor awarded pursuant to a Request for Proposals (RFP). Therefore, such contracts may simply be negotiated with "the highest qualified persons", pursuant to R.S. 39:1499 if public funds are expended in payment.
5. Q. Must a Request for Proposals by a state university or college comply with the Public Bid Laws? In other words, if an RFP is used to solicit a contract for which no state funds are expended, must the contract comply with the Public Bid Laws?
 A. No. See answer to Question 2, above.
6. Q. Must an RFP and any resulting contract for photographic services at graduation exercises be approved by the Office of Contractual Review?
 A. As indicated in answer to Question 4, above, no RFP is required for photographic services. If public funds are used and, depending upon the agency involved and the level of authority delegated to that agency by the Office of Contractual Review, negotiated contracts may require the approval or notification of that office.
7. Q. What laws govern a contract that is procured by a bid or RFP where the bid or RFP does not meet the requirements of R.S. 39:1554B of the Procurement Code?
 A. Contracts for photographic services would not be procured by bid or RFP under any applicable law. As indicated above, there is no applicable law unless public funds are used in payment of contract performance.
8. Q. Are contracts for photography services at graduation exercises contracted by state universities and colleges considered professional service contracts which need not be bid?
 A. Such contracts are not considered "professional" services, but are, instead considered "personal" services pursuant to R.S. 39:1484A(16). Such personal service contracts need not be bid nor awarded pursuant to an RFP.
9. Q. May a state university or college require as a condition to awarding a state contract that a third party vendor pay it remuneration, i.e., "rebates" or fees?
 A. If a school contracts for photographic services, it may require that the contract vendor pay a rebate or fee (generally commission-based) for the privilege of using school facilities to provide such services to students and faculty. Indeed, most schools have many such commission arrangements in place for vending machines, broadcasting rights, food service operations, dormitory cable television and long distance service, and other revenue generating services or products.
10. Q. Does a remuneration specification in a state contract violate the State Constitution or the state laws?
 A. No.
11. Q. Does the acceptance of remuneration, (i.e., "rebates" or "fees") by a state university or college for the awarding of contracts of which students are either the principals or beneficiaries violate the state school's fiduciary duty to the students? You reference Opinion Number 91-579 of this office.
 A. No. Opinion 91-579 of this office does not stand for the proposition that a school has a fiduciary duty to its students. It deals with different entities and different facts. We are unaware of any authority for such a declaration. Should such a duty be found to exist, we see no basis to conclude that putting in place contracts which students may choose to utilize and, in doing so, generate revenue for the school, would breach any duty to the students.
12. Q. Is a state university or college prohibited from allowing third party vendors to sell, for profit, lists of student names and addresses obtained from the university or college?
 A. No. The federal Family Educational Rights and Privacy Act, 20 U.S.C. § 1232, and regulations promulgated pursuant to that statute, prohibits the release of "education records" (such as grades) of students in higher education institutions, but contains an exception for "directory information" such as names, addresses, telephone numbers, etc., so long as the school provides notice in advance to the student or the parent and provides a means for the student population or parent to notify the school in writing that such "directory information" shall not be divulged. Such information has been deemed to be a public record. See Attorney General's Opinion Numbers 76-503, 91-73 and 93-419.
13. Q. Does a state university or college allowing the use of lists of students' names and addresses by a third party vendor for profit violate the school's fiduciary duty to students?
 A. No. See answer to Question 11, above.
14. Q. Who decides who is a "responsible bidder" for a state contract and when is it determined: a. before inviting bidders; b. only after bids have been opened; or c. only upon knowledge?
 A. The decision on responsibility is made by the agency seeking bids or proposals, generally after an opportunity to be heard on the allegations of irresponsibility has been provided to the bidder. Such agency decisions are subject to judicial review. As a practical matter, such a determination, by its nature, can only be made after bids are received. To disqualify a bidder before a solicitation would be a "debar-ment" or "suspension" as provided in the Louisiana Procurement Code at R.S. 39:1672. The law creating the Office of Contractual Review authorizes it to adopt rules for suspension, debarment and reinstatement of prospective contractors (R.S. 39:1490B(2), which it has done (34 L.A.C. 139); the Public Bid law makes no reference to debarment or responsibility, but does provide for a hearing to "disqualify" a bidder (R.S. 38:2212J.).
15. Q. Can the State of Louisiana debar or prevent an "irresponsible bidder" from bidding on future state contracts and if so, what is the procedure?
 A. See answer to Question 14, above.
Having said all this about what the law does and, mostly, does not require with regard to contracts for graduation event photography, we must point out that there is no legal reason why a school cannot, by use of bid or RFP, put in place a contract for such photographic services. School facilities are being utilized and the cooperation of certain personnel will be required. The school has a right to maintain order and decorum at such events and the competition of numerous photographers for such photo opportunities, without any prior agreement or understanding with the school on what may be done and where, could be disruptive and, perhaps, dangerous. Since no law sets forth any requirements, schools would be free to fashion their own requirements and limitations and could request commission compensation to the school.
I trust that this answers your inquiries satisfactorily. If we can provide and further information or assistance on this matter, please do not hesitate to call upon me.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ GLENN R. DUCOTE Assistant Attorney General Chief, Public Finance 
Contracts Section
RPI/GRD/dra